STATE, PLAINTIFF, *v.* CHILTON, DEFENDANT.
STATE, PLAINTIFF, *v.* TERRY, DEFENDANT.

Common Pleas Court, Cuyahoga County.

Nos. 79432, 79491.   Decided September 22, 1964.

*Mr. John T. Corrigan*, county prosecutor, by *Mr. Reuben Payne*, assistant county prosecutor, for the State.
*Mr. Louis Stokes*, for defendants.

FRIEDMAN, J. Gentlemen, it was suggested yesterday that briefs be filed and I stated that it was not necessary, in light of the fact that I have given this matter considerable attention as to the law, and the only question before me was to determine the facts so the proper law can be applied.

There is no question about the facts in this case, so I don't think it is necessary for me to repeat at length save and except to state that the police officer of many years of service and experience had observed the action of defendants which indicated to him that they were casing a robbery.

There is no doubt in my mind that the officer, based upon his training, length of service, and experience as a police officer and detective, assigned in the area which he had been placed, and doing the job he had been doing, had reasonable cause to believe and to suspect that the defendants were conducting themselves suspiciously, and some interrogation should be made of their action.

The Supreme Court of the United States has in many cases of recent years expressed itself clearly and distinctly that a general search and seizure is in violation of the Fourth Amendment unless the search is done with a proper warrant from the court, or if the search is made in connection with a lawful arrest and is contemporaneous and incidental to such arrest. *Henry* v. *U. S.*, 361 U. S., 98, 4 L Ed. (2d), 134. *Ker* v. *California*, 374 U. S., 23, 10 L. Ed. (2d), 726. *Mapp* v. *Ohio*, 367 U. S., 643, 6 L. Ed. (2d), 1081.

There is no evidence that any warrant had been issued for a search or frisk and I am not going to stretch the facts and say that there was a lawful arrest prior to the frisk of the defendants. I believe it would be stretching the facts beyond reasonable comprehension and foolhardy to say there was a lawful arrest, because there wasn't, from the facts as presented.

It has been frequently stated by the U. S. Supreme Court that a state may establish its own rules and standards pertaining to search and seizure so long as these rules and standards

do not violate the substance and spirit of the Fourth Amendment. It would certainly follow that the same rule would apply to the problem of "stopping and frisking" of an individual by a police officer where the facts justify.

In the case of *Ker* v. *California*, 374 U. S., 323, 10 L. Ed. (2d), 726, the court pronounced: "A state is not precluded from developing workable rules governing searches to meet the practical demands of effective criminal investigation and law enforcement that does not violate the constitutional standards of what is reasonable search and seizure."

Our courts in Ohio have on many occasions expressed that a police officer has the right to stop a suspicious person for the purpose of interrogation. Therefore, can it be said that the frisking of said person by the officer for the purpose of his own safety is a standard set by our state that is violative of the Fourth Amendment, or is it a proper guidance to meet the practical demands of effective criminal investigation and the safety of the officer performing his sworn duty? This Court believes that it is the latter view that would be prevailing and that such conduct would not be held as a violation of the Fourth Amendment.

We cannot forego and forget that police officers have a job to do, and they must do the job in connection with crime which has been on the increase.

At the same time a police officer cannot—as far as this Court is concerned—and will not be permitted to stop and frisk an individual simply because he has a suspicion, a mere suspicion, unless they are reasonable circumstances justifying a frisk.

This Court believes there is a distinction between stopping and frisking, and search and seizure.

A search is primarily for the purpose of trying to obtain evidence in connection with the commission of a crime, that the police officer may reasonably believe that a crime has been committed or might be committed.

A frisking is strictly for the protection of the officer's person and his life.

There was reasonable cause in this case for the officer, Detective McFadden, to approach these individuals and pat

them. He approached them, and for his own protection frisked them. He did not go into their pockets. Had he gone into their pockets and obtained evidence, as an example, narcotics or illegal slips, there would be no question of an illegal search and seizure.

He merely tapped them about the outer part of their bodies to determine if they had any weapons or guns, for his own personal protection, and by doing so he discovered that two of the three individuals had concealed guns, and the guns are the fruit of the frisk, and not of a search.

In the case of *People* v. *Rivera* (7/10/64) decided by New York Court of Appeals, 33 U. S. Law Week, 2044, July 28, 1964, the court stated that a policeman has the authority to stop and question a suspect. "Prompt inquiry into suspicious or unusual conduct is an indispensable power in the orderly government of large urban communities."

The frisk is essential to the stop for without the latter the answer to the police officer may be a bullet, and a loaded pistol discovered during the frisk is admissible.

In the case of *People* v. *Martin*, 46 Cal. (2d), 106, the court similarly upheld stop and frisk by an officer, and the court in effect stated the security of public order and lives of the police are to be weighed against a minor inconvenience and petty indignity.

I may say at this time, I am a great believer of the personal rights propounded by our Supreme Court, reiterated and reaffirmed, neglected over the years, and given to us under the Fourth Amendment, the Fourteenth Amendment, and other amendments of the U. S. and State Constitutions.

But police officers in a community also have rights under the Constitution, and rights given to them by virtue of their office, and one of their rights as I have indicated is the right when the circumstances justify and there is a reasonable suspicion, and for his own personal protection, to stop the individual or individuals and not search, but to frisk, to determine if there are weapons for his own personal safety; and finding the weapon by frisking is the fruit of the stop and frisk, in the same relation that the courts refer to the fruits of the crime

on a search and seizure. *Ballard* v. *State*, 43 Ohio St., 340; *Clark* v. *DeWalt*, 65 Ohio Law Abs., 193, 203.

I believe that I reiterate again that search and seizure law cannot be applied in this particular case, although Mr. Reuben Payne endeavored to show there was a lawful arrest, but the Court cannot agree. If there was an arrest it came subsequent to the frisk.

But as I have stated, and I repeat again, there is a distinction between a frisk and a search and seizure.

This matter is of great importance and of great concern, and I certainly hope that counsel will endeavor to have this question determined by the Appellate Courts, for it is most desirable that we have clearness with respect to this problem and that police officers know what they may do and can do in a stop and frisk matter.

The motion in each case is overruled, and exception to the defendants. It is so ordered.